# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Elizabeth Yorba**, | : | |
| | : | |
| Individually and on behalf of other members of the general public similarly situated, | : : : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:21-cv-691 |
| | : | |
| v. | : | JUDGE |
| | : | |
| **Barrington School, LLC** | : | MAGISTRATE JUDGE |
| 7100 Muirfield Dr., Ste. 200 | : | |
| Dublin, Ohio 43017 | : | **COLLECTIVE AND CLASS ACTION** |
| | : | **COMPLAINT** |
| -and- | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| **Consolidated Learning Centers, Inc.** | : | |
| 7100 Muirfield Dr., Ste. 200 | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| -and- | : | |
| | : | |
| **Jelly Bean Junction Learning Center LLC** | : : | |
| 7100 Muirfield Dr., Ste. 200 | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| -and- | : | |
| | : | |
| **Jessica Hoffman**, individually | : | |
| 6046 Tara Hill Drive | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| -and- | : | |
| | : | |
| **Jeffrey A. Roby**, individually | : | |
| 7100 Muirfield Dr., Ste. 200 | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| -and- | : | |
| | : | |
| **Bonnie Roby**, individually | : | |

| | |
|---|---|
| 7100 Muirfield Dr., Ste. 200 | : |
| Dublin, Ohio 43017 | : |
| | : |
| Defendants. | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Plaintiff Elizabeth Yorba (referred to herein as "Named Plaintiff" or "Plaintiff Yorba"), individually and on behalf of other members of the general public similarly situated, for her complaint against Barrington School, LLC ("Barrington"); Consolidated Learning Centers, Inc. ("CLC"); Jelly Bean Junction Learning Center LLC ("JBJ"); Jessica Hoffman ("Hoffman"); Jeffrey A. Roby ("JR"); and Bonnie Roby ("BR") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to O.R.C. 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.  JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants jointly employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. All of the preceding paragraphs are realleged as if fully rewritten herein.

5. Named Plaintiff Elizabeth Yorba, (referred to herein as "Named Plaintiff" or "Plaintiff Yorba"), is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6. Plaintiff Yorba was jointly employed by Defendants from approximately August 2018 until October 2020. Plaintiff Yorba worked as an hourly preschool teacher for Defendants from the outset of employment until approximately December of 2019. At that time, Plaintiff Yorba was promoted to assistant director.

7. At all times relevant herein, Named Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 § 34a.

8. While working as a preschool teacher for Defendants, Named Plaintiff was an hourly, non-exempt employee of Defendants at all times relevant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 § 34a.

9. During relevant times, Named Plaintiff worked forty (40) or more hours in at least one workweek.

10. Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.)

### B. Defendants

11. Each of the Defendants had control over Named Plaintiff's and similarly situated employees' working conditions.

12. At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

13. At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

14. At all relevant times, Defendants possessed the authority to control the terms and conditions of employment for Named Plaintiff and similarly situated employees and have exercised that authority.

#### 1. Defendant Entities

15. Defendant Entities, including Barrington School, LLC ("Barrington") and Jelly Bean Junction Learning Center LLC ("JBJ"), which are domestic limited liability companies, and Consolidated Learning Centers, Inc. ("CLC"), a domestic for-profit corporation, operate and conduct substantial business activities throughout Ohio, including the Southern District of Ohio.

16. Defendant Entities operate daycare/childcare learning centers and schools for infants through school-aged children.

17. Upon information and belief, although Defendant Entities have registered numerous "entities," all Defendant Entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and common financial control.

18. Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

19. Defendant Entities form a "single employer," as they are part of a single integrated enterprise, and/or they are joint employers because they jointly operate their daycare/childcare learning centers and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and common financial control.

20. Because the work performed by Named Plaintiff and all other hourly employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated hourly employees under the FLSA's broad definition of "employer."

21. Each of the Defendant Entities has substantial control over Named Plaintiff's and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

22. Each of the Defendant Entities directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

23. Each of the Defendant Entities maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

24. Upon information and belief, Defendant Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all hourly employees at all of their locations and under all of their entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and timekeeping.

25. Each of the Defendant Entities is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

26. Each of the Defendant Entities has gross revenue that exceeds $500,000.00 per year.

27. Collectively, Defendant Entities have gross revenue that exceeds $500,000.00 per year.

28. At all times relevant hereto, Defendant Entities were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**2. Defendant Individuals**

29. Upon information and belief, Defendant Jessica Hoffman ("Hoffman") is an individual, a United States Citizen, and a resident of the State of Ohio.

30. Upon information and belief, Defendant Hoffman is the President and founder of Barrington School, LLC and is believed to be an owner of Defendant Barrington. Upon information and belief, Defendant Hoffman's brother, Joel Roby, is the statutory agent of Defendant Barrington.

31. Defendant Hoffman is also believed to serve as the Vice President of Defendant Consolidated Learning Centers, Inc. ("CLC").

32. Upon information and belief, Defendant Jeffrey A. Roby ("JR"), is an individual, a United States Citizen, and a resident of the State of Ohio.

33. Upon information and belief, Defendant JR is a co-founder of Barrington School, LLC and is believed to be an owner of Defendant Barrington.

34. Upon information and belief, Defendant JR is an owner of Defendants CLC and Jelly Bean Junction Learning Center LLC ("JBJ").

35. Upon information and belief, Defendant Bonnie Roby ("BR"), is an individual, a United States Citizen, and a resident of the State of Ohio.

36. Upon information and belief, Defendant BR is a co-founder of Barrington School, LLC and is believed to be an owner of Defendant Barrington.

37. Upon information and belief, Defendant BR is an owner of Defendants CLC and JBJ.

38. Upon information and belief, Defendant BR also serves as the President of Defendant JBJ.

39. Defendants are all and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 § 34a.

40. During relevant times, the Defendant Individuals have each had operational control over significant aspects of the day-to-day functions of the Defendant Entities, including the day-to-day functions of Named Plaintiff and similarly situated hourly employees.

41. During relevant times, the Defendants have had the authority to hire, fire, and discipline employees, including Named Plaintiff and similarly situated hourly employees.

42. During relevant times, the Defendants have had the authority to set rates and methods of compensation of Named Plaintiff and similarly situated hourly employees.

43. During relevant times, the Defendants have had the authority to control the work schedule and employment conditions of Named Plaintiff and similarly situated hourly employees.

44. During relevant times, the Defendants have had ultimate authority and control of employment records of Named Plaintiff and similarly situated hourly employees.

45. During relevant times, the Defendants have mutually benefitted from the work performed by Named Plaintiff and similarly situated hourly employees.

46. During relevant times, the Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and similarly situated hourly employees.

47. During relevant times, the Defendants have shared the services of Named Plaintiff and similarly situated hourly employees.

48. During relevant times, the Defendants have acted directly or indirectly in the interest of each other in relation to Named Plaintiff and similarly situated hourly employees.

49. Upon information and belief, the Defendants have, at all times relevant hereto, been fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

50. During relevant times, the Defendants have had knowledge of and acted willfully in regard to their conduct described herein.

### III. FACTUAL ALLEGATIONS

51. During her employment with Defendants, Named Plaintiff Yorba worked as an hourly preschool teacher for Defendants from the outset of employment until approximately December of 2019.

52. Named Plaintiff Yorba was an hourly, non-exempt employee for Defendants while working for Defendants as a preschool teacher.

53. Named Plaintiff Yorba worked more than forty (40) hours in one or more workweeks but was not paid one-and-one-half times her regular rate of pay for all hours worked over forty (40) for Defendants.

   a. **Defendants failed to properly pay all overtime wages owed by issuing Named Plaintiff and other similarly situated employees two (2) or more separate paychecks each pay period.**

54. Defendants did/do not pay their employees one-and-one-half times their regular rates of pay for all hours worked over forty (40) in a workweek because they pay their employees through at least two (2) separate entities and distribute the hours worked for Defendants among those separate entities.

55. When Named Plaintiff and other similarly situated employees worked for Defendants at more than one location during the same pay period, they received one check from Defendant CLC for some, but not all, hours worked for Defendants during the pay period. A true and accurate copy of a pay stub dated May 31, 2019 from Defendant CLC for pay period May 12, 2019 through May 25, 2019 is attached hereto as **Exhibit B**. The Defendant CLC pay stub reflects 77.70 hours.

56. Named Plaintiff received a separate check from Defendant Barrington for some, but not all, hours worked for Defendants during the same pay period. A true and accurate copy of a check dated May 31, 2019 from Defendant Barrington for pay period May 12, 2019 through May 25, 2019 is attached hereto as **Exhibit C**. The Defendant Barrington pay stub reflects 14.28 hours.

57. Defendants failed to properly compensate Named Plaintiff and other similarly situated employees for all overtime hours worked in excess of forty (40) per week by dividing the

total hours worked by Named Plaintiff and other similarly situated employees among other Defendant Entities.

58. Defendants failed to account for the total number of compensable hours and overtime hours Named Plaintiff and other similarly situated employees worked for Defendants when all of the Defendant Entities' timesheets and/or time tracking systems are considered and when all compensable hours, including overtime hours, worked for all the Defendant Entities are considered.

59. By paying Named Plaintiff and other similarly situated employees with separate paychecks each pay period and by using time tracking systems for work performed for the Defendants, Defendants failed to fully compensate Named Plaintiff and other similarly situated employees for all hours worked in excess of forty (40) per week at one-and-one-half times their regular rate of pay.

**b. Defendants failed to pay Named Plaintiff and similarly situated employees for travel time to and from worksites during their workdays, resulting in unpaid overtime wages.**

60. Defendants additionally failed to compensate Named Plaintiff and other similarly situated employees for travel time between different schools jointly owned and operated by Defendants even though Named Plaintiff and other similarly situated employees regularly worked at more than one worksite each workday.

61. Named Plaintiff and other similarly situated hourly employees frequently traveled during their workdays to different schools throughout the same workday.

62. In some cases, Named Plaintiff and other similarly situated hourly employees opened on school and then traveled to a different school to work for the remainder of the workday.

63. In other cases, Named Plaintiff and other similarly situated hourly employees started working at one location and then traveled to another school to finish the day or to close for the day at that school.

64. When Named Plaintiff and other similarly situated hourly employees performed work for different Defendant Entities under such circumstances, Defendants further failed to track or account for the travel time spent among the various locations and failed to compensate the employees for such time.[1]

65. Defendants were aware of the daily travel, but they failed to compensate Named Plaintiff and other similarly situated employees for all their travel time.

66. As a result of failing to compensate Named Plaintiff and other similarly situated employees for their travel time, Defendants failed to pay their employees overtime wages for all compensable hours worked.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

67. Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of her and all other similarly situated employees, consisting of:

> All current and former employees of Defendants who worked 40 (forty) or more hours in any workweek and had: (1) their hours split among two or more Defendant Entities, or (2) to travel to more than one of Defendants' worksites in the same day, beginning three (3) years immediately preceding the filing of this Complaint through the date of final disposition of this case (the "216(b) Class" or the "216(b) Class Members").

68. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA,

---

[1] As noted above, Defendants further failed to total all hours worked among the various entities for purposes of calculating total hours worked and paying overtime wages based upon the same.

liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' joint company-wide payroll policies and practices. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

69. The identities of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

70. Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former employees of Defendants who worked 40 (forty) or more hours in any workweek and had: (1) their hours split among two or more Defendant Entities, or (2) to travel to more than one of Defendants' worksites in the same day, beginning two (2) years immediately preceding the filing of this Complaint through the date of final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").

71. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

72. Named Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

73. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

74. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

75. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

76. Questions of law and fact are common to the Rule 23 Class.

77. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

78. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

79. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

80. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class overtime wages for all hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act;

and (e) what amount of prejudgment interest is due to Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

81. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claim and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the 216(b) Class.

84. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

85. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the 216(b) Class Members.

86. Named Plaintiff and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

87. Named Plaintiff and the 216(b) Class Members regularly worked in excess of forty (40) hours in a workweek.

88. Defendants jointly violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies, which are explained more fully above.

89. Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

90. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite the foregoing, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Collective Members are entitled.

91. Defendants knowingly, willfully, and jointly failed to pay Named Plaintiff and the 216(b) Class Members the overtime wages they were due.

92. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

93. As a direct and proximate result of Defendants' joint conduct, Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the 216(b) Class Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

94. All of the preceding paragraphs are realleged as if fully rewritten herein.

95. This claim is brought under Ohio law.

96. Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

97. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

98. While jointly employed by Defendants, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working.

99. As a result of Defendants' company-wide corporate policies, they failed to pay Named Plaintiff and the Rule 23 Class Members overtime wages resulting in unpaid overtime.

100. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

101. Defendants' repeated, knowing, and joint failure to pay overtime wages to Named Plaintiff were violations of R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

102. For Defendants' violations of R.C. § 4111.03, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid

overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

103. All of the preceding paragraphs are realleged as if fully rewritten herein.

104. Named Plaintiff and the Rule 23 Class Members are or have been jointly employed by Defendants.

105. During relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

106. The OPPA requires that the Defendants jointly pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof; additionally, it requires that they be paid on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

107. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

108. Named Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

109. In violating the OPPA, Defendants acted willfully, jointly, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

110.     All of the preceding paragraphs are realleged as if fully rewritten herein.

111.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

112.     During times material to this complaint, Defendants were covered employers and jointly and severally required to comply with the Ohio Wage Act's mandates.

113.     Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

114.     During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

115.     In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VI.     PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants, jointly and severally, and for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

    C.      Certifying the proposed Rule 23 Class under Ohio law;

    D.      Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Named Plaintiff, the 216(b) Class Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

    E.      Awarding to Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

    F.      Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

    G.      Awarding Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

    H.      Awarding Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

    I.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of Ohio Law;

    J.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

    K.      Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery whatsoever.

Respectfully Submitted,

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Peter A. Contreras* |
| Matthew J.P. Coffman (0085586) | Peter Contreras (0087530) |
| Kelsie N. Hendren (100041) | **Contreras Law, LLC** |
| **COFFMAN LEGAL, LLC** | 1550 Old Henderson Road |
| 1550 Old Henderson Road | Suite 126 |
| Suite 126 | Columbus, Ohio 43220 |
| Columbus, Ohio 43220 | Phone: 614-787-4878 |
| Phone: 614-949-1181 | Fax: 614-957-7515 |
| Fax: 614-386-9964 | Email: peter.contreras@contrerasfirm.com |
| Email: mcoffman@mcoffmanlegal.com | |
|     khendren@mcoffmanlegal.com | |

*Attorneys for Named Plaintiff and Those Similarly Situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman